FILED
2010 May-24 PM 02:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **KAY C. CIRLOT, Personal Representative of the Estate of Ivy Cliff Baxley C. Weldon, deceased,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JOHN GILLON; RONDY ROGERS; WAFFLE HOUSE, INC.,** )<br>)<br>)<br>**Defendants.** ) | Case No. 4:09-cv-01771-HGD |

## MEMORANDUM OF OPINION

This case is before the court on Plaintiff's Motion to Remand and Amended Motion to Remand. (Docs. #8 and 9). Plaintiff seeks remand of this action to the Pell City Division of the Circuit Court of St. Clair County, Alabama. The Magistrate Judge filed his Report and Recommendation (Doc. # 15) on April 28, 2010, recommending that Plaintiff's motions to remand be denied and that Defendants John Gillon and Rondy Rogers be dismissed as defendants from this action as fraudulently joined. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on May 10, 2010. (Doc. #16). After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and objections thereto, the court concludes that the Report is due to be **ADOPTED** and the Recommendation of the Magistrate Judge is due to be **ACCEPTED**.

Although adopting the Magistrate Judge's Report and Recommendation in full, the court emphasizes one point. The only issue under § 1446(b) and *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), is whether, at the time of removal and unadorned by subsequent filings, the pleadings and "other papers" establish the jurisdictional requirements. A settlement demand constitutes an "other paper" for this purpose. *Lowery*, 483 F.3d at 1213 n.62.

It is jurisdictionally irrelevant whether a plaintiff calculates his or her offer to settle by consulting historical jury records. Provided that the demand is made in good faith – that is, more than "simply demand[ing] [an amount] without the slightest suggestion how in the world the plaintiffs could support such a figure," *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) – the request is highly probative as to the amount in controversy. In fact, the demand is the functional equivalent of an *ad damnum* clause, which liquidates an otherwise unliquidated claim. So long as the demand is made in good faith, the basis for its calculation is essentially unimportant.

Here, Plaintiff's counsel expressly endorsed the past jury verdicts as appropriate measures for valuing this case: "We *must rely* on historical data in evaluating cases such as this one." (Doc. #1-5 at 2) (emphasis added). Because Plaintiff offered and adopted the data, determining that jurisdiction is satisfied does not run afoul of *Lowery'*s prohibition against a defendant relying on past jury verdicts to deduce the amount in controversy. *See Lowery*, 483 F.3d at 1221 ("[T]he value of other tort claims was not received *from the plaintiffs*, but rather was gathered from outside sources.")

(emphasis added).  Critically, Plaintiff supplied these values to foster a "meaningful discussion" of settlement, which strongly suggests that, at least when offered, the demand reflected an earnest valuation of the claims.  (Doc. #8 ¶ 14).

It is of no moment that Plaintiff's counsel now is attempting to retreat from his earlier reliance on these figures.  To be sure, later recanting this methodology does not in any way undercut the Magistrate Judge's conclusion because "removal jurisdiction is determined at the time of removal . . . ."  *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n.9 (11th Cir. 2009); *see also Jackson*, 651 F. Supp. 2d at 1282 (considering post-removal evidence clarifying the circumstances surrounding the offer – not post-removal retractions).  Based on the papers before the court at the time of the removal, Plaintiff's counsel fixed the litigation value at $5 million, which certainly satisfies the amount in controversy requirement.

**DONE** and **ORDERED** this      24th      day of May, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE